UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN RODRIGUEZ; HERMINIA RODRIGUEZ,<br><br>               Plaintiffs,<br><br>      -against-<br><br>SANS SOUCI REHABILITATION NURSING HOME,<br><br>              Defendant. | 25-CV-6653 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff Kevin Rodriguez, who is appearing *pro se*, brings this action asserting claims on behalf of his mother, who fell down in a nursing home.[1] By order dated December 8, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Herminia Rodriguez, who is listed as a plaintiff in the caption, has not signed the complaint or submitted an *in forma pauperis* application. The Court therefore refers to Kevin Rodriguez as Plaintiff, though as explained below, he cannot bring claims on behalf of another.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### BACKGROUND

The following facts are drawn from the complaint. On March 25, 2025, Plaintiff Kevin Rodriguez received a phone call from someone at the Sans Souci Rehabilitation Nursing Home ("the nursing home") stating that his mother, Herminia Rodríguez, was found on the floor of her room. No details were provided about the incident. Plaintiff visited the facility the same day to seek answers, and he was directed to medical records; however, no information was available from medical records.

On May 27, 2025, when Herminia Rodríguez was released from the nursing home, a supervising nurse informed Plaintiff that Herminia had banged her toe. Plaintiff then learned that his mother had not had her protective shoes on, even though she was unable to walk and was at risk of falling. Herminia Rodríguez's left big toe was swollen, and the toenail was almost off. Plaintiff had his mother taken to the hospital by ambulance, where she received wound care.

Plaintiff brings this action against Sans Souci Rehabilitation Nursing Home, seeking $1 million in damages.

**DISCUSSION**

**A.    Proceeding Pro Se**

As a nonlawyer, Plaintiff Kevin Rodriguez can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). He cannot represent his mother or bring claims on her behalf without counsel. The Court therefore dismisses without prejudice any claims that Plaintiff Kevin Rodriguez is asserting on behalf of his mother for alleged injuries she suffered at the Sans Souci Rehabilitation Nursing Home.

Because Herminia Rodriguez has not signed the complaint or submitted an IFP application, the Court dismisses Herminia Rodriguez's claims, without prejudice to her repleading them. To proceed with her own claims, Herminia Rodriguez must submit an IFP application detailing her own income and assets and sign a complaint. As explained below, however, insofar as Herminia Rodriguez brings only state law claims for negligence, federal court does not appear to be a proper forum for her claims. If Herminia Rodriguez chooses to file an amended complaint in federal court, acting either on her own behalf or through counsel, she must allege facts establishing subject matter jurisdiction in federal court.

**B.      Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. A federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is diversity jurisdiction because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**1.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal question jurisdiction, without alleging any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The complaint does not explicitly invoke federal law, and the allegations suggest a state law claim for negligence on the part of the nursing home for failing to provide adequate care. The complaint therefore does not plead facts sufficient to establish federal subject matter jurisdiction.

In at least some situations, residents of publicly owned nursing facilities can bring suit under 42 U.S.C. § 1983 for violations of rights guaranteed under the federal Nursing Home Reform Law (FNHRA). *See Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183-84 (2023) (holding that courts must determine "whether Congress has 'unambiguously conferred' 'individual rights upon a class of beneficiaries' to which the plaintiff belongs" and concluding that "the unnecessary-restraint and predischarge-notice provisions [of FNHRA] meet this test"). There are no allegations in the complaint that Defendant Sans Souci Rehabilitation Nursing Home is publicly owned or that the claims at issue involve provisions of the FNHRA that are privately enforceable.[2] If Herminia Rodriguez chooses to file an amended complaint in federal court, rather than refiling in state court, and she wishes to invoke the Court's federal question jurisdiction, she must plead facts showing a claim arising under federal law.

### 2.    Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a

---

[2] The fact that a private facility receives federal funds does not put it in the same position as a publicly owned facility. *See, e.g., Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982) (holding that receiving public funds does not turn a private actor into state actor).

citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, the complaint does not allege facts about the citizenship of either party, though it appears from the addresses provided that both may be citizens of the same State (New York), which would preclude diversity of citizenship. The complaint thus does not satisfy Plaintiff's burden of pleading diversity of citizenship, and Plaintiff does not show that the Court has subject matter jurisdiction of this action.

## LEAVE TO AMEND

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Kevin Rodriguez cannot bring claims on behalf of someone else, his claims should not be repleaded.

If Herminia Rodriguez chooses to file an amended complaint in federal court, acting either on her own behalf or through counsel, she must allege facts establishing subject matter jurisdiction in federal court. The Court grants Herminia Rodriguez 30 days' leave to amend her complaint to detail her allegations of federal subject matter jurisdiction. If Herminia Rodriguez chooses to proceed in this forum, she must also submit an IFP application with information about her own income and assets.

If Herminia Rodriguez does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action without prejudice for lack of subject matter jurisdiction.

## C.    Legal Assistance

The parties may wish to contact the City Bar Justice Center (CBJC), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[6]

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave for Herminia Rodriguez to replead her own claims.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    December 8, 2025
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court